UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RWE RENEWABLES GMBH<br><br>&<br><br>RWE RENEWABLES IBERIA S.A.U.,<br><br>Petitioners,<br><br>v.<br><br>KINGDOM OF SPAIN,<br><br>Respondent. | Civil Action No. 1:21-cv-03232 (JMC) |

## ORDER

This case, like many others in this district, involves investors suing Spain to enforce an arbitral award.[1] Spain moved to dismiss this case or, in the alternative, stay the proceedings. The Court denies Spain's Motion to Dismiss but grants its Motion to Stay.

**I.    BACKGROUND**

Hoping to spur investment in its renewable energy sector, Spain enacted legislation in the 1990s that provided favorable economic incentives for investors. ECF 1 ¶ 18. Petitioners took advantage of the opportunity. Between 2001 and 2011, Petitioners invested over €513 million in sixteen wind farm projects and four hydroelectric plants in Spain. *Id.* But Spain reversed its policy outlook in 2012 and, over the next few years, passed several laws revoking the economic incentives

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

it had previously granted. *Id.* ¶ 20. According to Petitioners, this new statutory regime decreased the value of Petitioners' investments. *Id.* ¶ 20.

Petitioners allege that their investments were governed by the Energy Charter Treaty (ECT). *Id.* ¶ 21. Pursuant to the ECT's dispute resolution procedures, Petitioners filed a request for arbitration on December 19, 2014. *Id.* ¶ 23. They pursued arbitration through the International Centre for the Settlement of Investment Disputes (ICSID). *Id.*; *see also id.* ¶ 1. In that proceeding, Petitioners alleged that Spain violated its obligations under Article 10(1) of the ECT—which directs signing countries to provide "fair and equitable treatment" to investors—by displacing the legislative framework upon which Petitioners relied when making investments. *Id.* ¶ 23. An ICSID Tribunal was assembled, and a hearing was held in May 2017. *Id.* ¶ 25. Both Parties participated in the proceedings. *Id.* ¶¶ 24–25. The Tribunal ruled in Petitioners' favor with respect to certain investments, finding that Spain had breached its obligations under Article 10(1) of the ECT "to the extent that it has procured repayment by [Petitioners] of sums previously paid by [Spain] under the [prior] regime" and "the disproportionate nature of the new measure that it [] adopted." *Id.* ¶¶ 26, 28. The Tribunal awarded Petitioners €28,080,000 in damages, as well as post-judgment interest and legal fees and expenses. *Id.* ¶ 29.

Spain filed an application to annul the Award pursuant to Article 52 of the ICSID Convention and, in its annulment application, requested that enforcement of the Award be stayed until the annulment proceeding was resolved. *Id.* ¶ 30; ECF 1-6 at 4. The ICSID Committee granted Spain a provisional stay in accordance with Article 52(5) of the ICSID Convention. ECF 1 ¶ 30. However, the ICSID Committee declined Spain's request to indefinitely stay enforcement of the Award so long as Petitioners provided "binding and unconditional" assurances that it would promptly repay Spain to the extent that the Award is annulled. ECF 1-6 at 7; ECF 1 ¶ 30.

2

On December 9, 2021, Petitioners filed a Petition to Enforce Arbitral Award in this Court. ECF 1. Petitioners argued that enforcement was appropriate under Article 54 of the ICSID Convention and 22 U.S.C. § 1650a. *See id.* ¶ 4. Spain moved to dismiss the case or, in the alternative, stay the proceedings. ECF 16. Petitioners opposed that Motion, ECF 21, and Spain replied, ECF 22. The European Commission filed an amicus brief in support of Spain. ECF 20. Petitioners also filed a Motion for Preliminary Injunction and Temporary Restraining Order after Spain filed an action in a German court seeking to enjoin enforcement of the Award in this Court. ECF 24; ECF 24-1 at 5–6.

## II.     LEGAL STANDARD

When evaluating a motion to stay, courts generally "weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012). The party seeking a stay bears the burden of demonstrating "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [they] pray[] will work damage to some one else." *Philipp v. Federal Republic of Germany*, 253 F. Supp. 3d 84, 88 (D.D.C. 2017) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

## III.    ANALYSIS

This is not the first case brought by an investor against Spain to enforce an arbitral award. Many other courts in this district have entertained similar petitions. In a number of those cases, Spain filed a similar motion to the one now before the Court: a Motion to Dismiss or, in the alternative, a Motion to Stay the Proceedings. This Court will follow the charted path and grant Spain's Motion to Stay the Proceedings and deny its Motion to Dismiss without prejudice. *See InfraRed Env't Infrastructure GP Ltd. v. Kingdom of Spain*, 2021 WL 2665406, at *5 (D.D.C. June 29, 2021) (collecting cases).

First, the Court determines it has the authority to stay the proceedings in this Court. Although a court ordinarily must ensure that it has jurisdiction to hear a case before touching a case's merits, it can decide certain threshold, non-merits issues before reaching jurisdictional issues. *Pub. Citizen v. U.S. Dist. Ct. for D.C.*, 486 F.3d 1342, 1348 (D.C. Cir. 2007). A motion to stay a petition to enforce an arbitral award is an example of a non-merits issue that can be decided before a court confirms it has jurisdiction. *See Telecordia Techs., Inc. v. Telkom SA, Ltd.*, 95 Fed. App'x 361, 362–63 (D.C. Cir. 2004); *Masdar Solar & Wind Cooperatief U.A. v. Kingdom of Spain*, 397 F. Supp. 3d 34, 38–39 (D.D.C. 2019); *Novenergia II – Energy & Env't (SCA) v. Kingdom of Spain*, 2020 WL 417794, at *2 (D.D.C. Jan. 27, 2020); *InfraRed Env't*, 2021 WL 2665406, at *3 (D.D.C. June 29, 2021).

Petitioners argue that granting a stay would violate this Court's obligation under the ICSID Convention to enforce the arbitral award. ECF 21 at 48–50 (citing *Tenaris S.A. v. Bolivarian Republic of Venezuela*, 2020 WL 3265476 (D.D.C. June 17, 2020) and *TECO Guat. Holdings, LLC v. Republic of Guatemala*, 414 F. Supp. 3d 94 (D.D.C. 2019)). True, the ICSID Convention's implementing statute provides that arbitral awards "*shall* be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several states." 22 U.S.C. § 1650a (emphasis added). This statutory command limits the types of substantive arguments the Court may adjudicate, *see Perenco Ecuador Ltd. v. Republic of Ecuador*, 2023 WL 2536368, at *5 (D.D.C. March 16, 2023), but it does not restrict the Court's inherent power to manage its docket. *Tethyan Copper Co.*, 590 F. Supp. 3d 262, 269 (D.D.C. 2022) (citing *Landis*, 299 U.S. at 254). Petitioners provides no authority suggesting that federal courts lack the authority to stay enforcement of state court judgments, so the Court determines that it retains this power.

4

Satisfied that it could grant a stay, the Court considers whether it should. Courts "weigh competing interests . . . between the court's interests in judicial economy and any possible hardship to the parties" when evaluating a motion to stay. *Belize Soc.*, 668 F.3d at 732–33. Judicial economy favors a stay. Even though it would temporarily delay proceedings in this Court, a stay would shorten the overall litigation timeline. If the proceedings in this Court continued alongside the ICSID annulment proceedings, the Parties would likely be forced to litigate the same issues in two separate forums, increasing the costs of litigation and possibly producing conflicting outcomes. Resolving conflicting outcomes would generate even more litigation. Granted, it is possible that the Parties might end up raising legal arguments in the annulment proceedings and then re-raising those same arguments in ensuing enforcement proceedings. But even if that occurs, this Court will have the benefit of referencing the ICSID's Committee's decision to avoid unnecessary inconsistencies. *See Masdar*, 397 F. Supp. 3d at 39–40.

For similar reasons, balancing the hardships to each party also favors a stay. Petitioners undoubtedly have an interest in the expeditious resolution this arbitration, a legal dispute that has already celebrated its seventh anniversary. ECF 21 at 53. But that resolution will be reached in a more streamlined and economical manner if the proceedings in this Court are paused while the ICSID Committee decides the annulment application. Additionally, Spain contends that enforcing the Award without a stay would compel the country to violate European Union laws. ECF 16-1 at 40. While the Court does not opine on the substantive merits of that argument, it credits Spain's concerns as hardship insofar as they suggest that Spain would be placed into murky legal waters.

Because the interests of judicial economy favor granting the stay, and the balance of hardships does not counsel otherwise, the Court grants Spain's Motion for Stay. In the meantime,

the Court denies Spain's Motion to Dismiss without prejudice. The Court observes that it can lift the stay at some point in the future if a change in circumstances warrants doing so.

## IV. CONCLUSION

Upon consideration of Spain's Motion to Dismiss or, in the Alternative, Motion to Stay Proceedings, ECF 16, the Court hereby

**ORDERS** that Spain's Motion to Stay is **GRANTED**. The proceedings in this Court are stayed until the ICSID Committee concludes its annulment proceedings or further order of the Court. The Court further

**ORDERS** the Parties to file joint status reports on July 11, 2023, and every 90 days thereafter updating the Court on the progress of those proceedings. The Court further

**ORDERS** that Spain's Motion to Dismiss is **DENIED** without prejudice.

**SO ORDERED.**

DATE: April 13, 2023

_____
Jia M. Cobb
U.S. District Court Judge